UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Chuck N. Mailhot,

            Debtor

Chapter 13
Case No. 11-10472

## ORDER AWARDING COMPENSATION
## AND REIMBURSEMENT OF EXPENSES FOR DEBTOR'S COUNSEL

    Jeffrey P. White and Associates seeks an award of compensation and reimbursement of expenses in connection with its representation of the debtor in this chapter 13 case. *See* Second and Final Application of Jeffrey P. White, Esq. for Compensation of Legal Services [Dkt. No. 92] (the "Fee Application").  By the Fee Application, Mr. White seeks compensation of $5,197.88 and reimbursement of expenses of $206.15.  The chapter 13 trustee objects to that request, and argues that the compensation should be reduced by about $1,500.

    This case began in April 2011.  At that time, Mr. White represented to the Court that he had agreed to accept $2,800 for services rendered or to be rendered in connection with the case.  Before the filing, the debtor paid $1,026 toward the cost of those services, leaving another $1,774 to be paid under the plan.  A chapter 13 plan was confirmed and the Debtor expects to receive his discharge under 11 U.S.C. § 1328(a) in the near future.

    The Fee Application is not Mr. White's first fee application in this case.  The Court granted a prior fee application, awarding $8,198.75 in fees and $818.90 in reimbursement for expenses to Mr. White.  *See* Dkt. No. 63.  If the Court were to grant the Fee Application as filed, Mr. White would be awarded compensation of approximately $13,400, or almost five times the amount reported on his Rule 2016(b) statement.  That alone might justify a denial of the request

or a significant reduction in the fees approved. Apart from the Rule 2016(b) statement, $13,400 of compensation for a chapter 13 case with no unusual complexity strikes the Court as excessive.

But no party has asked the Court to revisit the prior fee award, and the trustee raised the sole objection to the Fee Application. For his part, the trustee challenges only specific time entries in the Fee Application, again totaling around $1,500. With that in mind, the Court will address portions of the trustee's objection.

The trustee challenges several entries as describing clerical work not compensable at attorney or paralegal rates:

| Date | Description | Hours | Amount |
|---|---|---|---|
| 9/14/12 | Calendar date re: hearing date on JPW Fee Application | 0.1 | $7.50 |
| 5/6/13 | Calendar dates re: hearing date and objection due date on JPMorgan Chase Bank Motion for Relief from Stay | 0.1 | $7.50 |
| 6/17/13 | Calendar dates re: due date to file revised proposed order on JPMorgan Chase Bank Motion for Relief from Stay | 0.1 | $7.50 |
| 3/5/14 | Letter to client requesting 2012 Tax Returns | 0.2 | $15.00 |
| 4/24/15 | Calendar dates re: hearing date and objection due date on Trustee's Motion to Dismiss | 0.1 | $7.50 |
| 5/26/15 | File objection to Motion to Dismiss and Motion to Modify Plan with court | 0.2 | $15.00 |
| 5/26/15 | Calendar date re: hearing date on Motion to Modify Plan | 0.1 | $7.50 |
| 6/12/15 | Calendar date re: due date to file Motion to Modify Plan | 0.1 | $7.50 |
| 7/1/15 | Set up CourtCall | 0.06 | $4.38 |
| 3/7/15 | File and set fro [sic] hearing for discharge and final fee app and motion to avoid judgment liens | 0.3 | $22.50 |
|  | Total |  | $101.88 |

The Court agrees with the trustee that these services—while reasonable and necessary—are not compensable at a paralegal's professional rate. A properly trained legal assistant or

2

secretary should be able to manage an attorney's calendar and to make routine filings on the Court's CM/ECF system.[1]  Completing these tasks requires a considerable amount of training and a significant amount of attention to detail; it does not involve the delivery of substantive legal work.  Deadlines are important in a bankruptcy case, and often there are many of them.  The correct use of the Court's CM/ECF system is also important, and helps ensure that a case is efficiently administered.  But maintaining a calendar and making routine filings on the CM/ECF system do not involve the delivery of substantive legal work.  As a result, those services are not compensable under section 330.  *See* In re Parrilla, 530 B.R. 1, 20-25 (Bankr. D.P.R. 2015); In re Bass, 227 B.R. 103, 108 (Bankr. E.D. Mich. 1998).

The Court also disallows $28.00 for "Review file" on March 7, 2016.  The description of the work is vague.  And, there are several other entries on March 7 for what might be characterized as review of those portions of the file that needed to be reviewed for Mr. White to prepare a motion seeking a discharge at the end of a chapter 13 case.  Viewed in light of those entries, the entry "Review file" describes work that was unnecessarily duplicative.  *See* 11 U.S.C. § 330(a)(4)(A)(i).

Lastly, the Court makes an observation about the ubiquitous 0.1 entry.  Guiding a debtor through a bankruptcy case is not easy, and doing so involves many tasks over a period often spanning years.  Some are complicated and require a lawyer to use her professional training and her sound judgment.  Others are more mundane, and can be accomplished in a matter of seconds.  When a lawyer performs several of those perfunctory tasks—no matter how necessary the performance of the tasks—in a single day, the lawyer should not record a separate 0.1 entry for every single task.  If a lawyer spends 5 seconds glancing at a docket entry and does nothing

---

[1] There is an important distinction between the preparation of a legal document, on the one hand, and the act of filing of a document on the docket in a case, on the other.   This decision addresses only the latter.

more, perhaps that is properly recorded as 0.1. That is, after all, the minimum billing increment. But if the lawyer does four other similar tasks in the same case on the same day (for a total of 25 seconds of work), the lawyer should not record five 0.1 entries (for a total of 30 minutes of billable time). The same admonition holds when, over the course of an entire case, there are multiple entries for tasks that took mere seconds to complete, even if the tasks were completed on different days.

Mr. White explains that many of the services provided to a chapter 13 debtor do not appear on his timesheets. As a result, the argument goes, the Court should not disallow compensation for the entries that do appear on the timesheets, even if they took only a matter of seconds to complete. The Court can only evaluate the reasonableness and the necessity of the services that are, in fact, described on the timesheets appended to the fee application. The missing information cannot be evaluated under section 330 and therefore cannot function as a type of offset in the manner suggested by Mr. White.

The Court is unwilling to fashion a rigid rule on this subject. Instead, the Court will rely, in the first instance, on the sound exercise of billing judgment by attorneys seeking compensation under section 330. Here, the Court will disallow five 0.1 entries, for a total disallowance of $140.00.

In the end, the Court agrees with the trustee that the compensation should be reduced by $1,500, but for reasons different than those offered by the trustee. Some of the trustee's specific objections have merit, and others do not. But a total allowance of $11,896.63 is more than reasonable compensation for Mr. White's services in this case.[2] The Fee Application is granted

---

[2] The amount of compensation sought by the Fee Application ($5,197.88) less $1,500.00 is $3,697.88. That amount ($3,697.88) added to the compensation previously awarded ($8,198.75) is $11,896.63.

4

as follows:  Mr. White is allowed compensation in the amount of $3,697.88 and reimbursement of expenses in the amount of $206.15 under 11 U.S.C. § 330(a)(4)(B).

Dated:  April 27, 2016

Michael A. Fagone
United States Bankruptcy Judge
District of Maine